UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURWOOD L. PRICE,

           Plaintiff,           Case No. 1:07-cv-117

v.                                              Honorable Gordon J. Quist

PATRICIA CARUSO,

           Defendant.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's action was transferred to this Court from the Eastern District of Michigan. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff is incarcerated in the Muskegon Correctional Facility (MCF), but the events giving rise to his complaint also occurred at the Southern Michigan Correctional Facility (JMF). In his *pro se* complaint, he sues Michigan Department of Corrections Director Patricia Caruso. Plaintiff claims that Defendant retaliated against him for filing a previous federal lawsuit, *Price v. Caruso*, No. 1:05-cv-71403 (E.D. Mich.), which was filed in April 2005 and remains pending in the Eastern District of Michigan. Plaintiff asserts that Defendant retaliated against him through subordinate staff at MCF and JMF by denying him proper medical accommodation and treatment, placing him in administrative segregation without just cause and denying him his Jewish religious observances and right.

Plaintiff claims to have several medical conditions that require special accommodation. According to Plaintiff, he suffers from Neuropraxia (nerve damage to the left hip and leg) and Athrofribosis (muscle displacement and hardening). He also has been diagnosed with Anterior Spandylosis and arthritis in his lower back. As a result of these conditions, Plaintiff has difficulty walking and was issued a special accommodation to possess a cane. In addition, Plaintiff has severe allergies to leather dyes and any product made from beans. Because he is allergic to leather dyes, he was issued non-leather tennis shoes as a medical accommodation. Due to a severe urinary tract infection that Plaintiff contracted in 2000, Plaintiff's kidneys were damaged and he "leaked" substantial amounts of bloody urine. Because his condition created a "biohazard," he also received a special accommodation for a single-man cell.

Plaintiff claims that sometime after he filed his federal civil rights action against Defendant Caruso in 2005, his accommodation for a single-man cell was cancelled. Plaintiff claims

that he had problems with his roommates because they did not want to share a cell with him in light of his medical condition. Plaintiff grieved the matter and then attempted to send a letter to Michael J. Barnhart, the attorney representing prisoners in this Court in the *Hadix* litigation. Plaintiff claims that he gave the sealed letter to Assistant Resident Unit Supervisor K. O'Dell. According to Plaintiff, O'Dell's supervisor, T.A. Huffman, opened the letter and placed Plaintiff in segregation for writing a letter to Barnhardt.

Plaintiff further claims that on December 28, 2004, his tennis shoes were taken away from him. Plaintiff, who has a severe allergy to leather dye, was forced to wear state-issued black leather shoes. By the next day, his feet and lower legs were so swollen that he was transferred to the Foote Hospital for treatment. Within two days the pain and swelling were gone and Plaintiff was re-issued non-leather tennis shoes as an accommodation for his allergy. Plaintiff further claims that from the time he filed his previous legal action in April 2005 until his transfer to MCF on August 11, 2005, he was subjected to nine painful Cytoscopies and seven Intravenous Urographs. He contends that there was no medical reason for the repetitive tests and that they were done to torture him for filing his previous lawsuit. Plaintiff also alleges that all of the information concerning his special medical accommodations were removed from his records before he was transferred to MCF.

Plaintiff contends that it is forbidden for a Jew to engage in any holy task if he is ill, or his body is impure as defined by the Code of Jewish Law. Plaintiff asserts that Defendant has intentionally interfered with the practice of his religious faith by denying him proper medical accommodation and treatment. Plaintiff further claims that other Jewish prisoners have been retaliated against for raising issues and concerns about Jewish religious rights.

Plaintiff argues that "[t]he totality of these events simply cannot be 'random' or 'coincidental . . . '" (Compl., 8), and thus, must be the result of retaliation by Defendant Caruso. Plaintiff seeks order from the Court requiring that he be admitted to Mercy Hospital.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff asserts that Defendant has retaliated against him through subordinate staff at MCF and JMF by denying him proper medical accommodation and treatment, placing him in administrative segregation without just cause and interfering with his ability to practice his Jewish religion. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X*, 175 F.3d at 394. Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in Defendant's alleged

retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

It is well recognized that "retaliation" is easy to allege and that it can seldom be demonstrated by direct evidence. *See Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987); *Vega v. DeRobertis*, 598 F. Supp. 501, 506 (N.D. Ill. 1984), *aff'd*, 774 F.2d 1167 (7th Cir. 1985). [A]lleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Conclusory allegations of retaliatory motive "with no concrete and relevant particulars" fail to raise a genuine issue of fact for trial. *Salstrom v. Sumner*, No. 91-15689, 1992 WL 72881, at *1 (9th Cir. Apr. 10, 1992); *see also* Adams v. Jones, No. 02-5472, 2002 WL 31780933, at *2 (6th Cir. 2002); *Birdo v. Lewis*, No. 95-5693, 1996 WL 132148, at *1 (6th Cir. Mar. 21, 1996); *Fields v. Powell*, No. 94-1674, 1995 WL 35628, at *2 (6th Cir. Jan. 30, 1995); *Williams v. Bates*, No. 93-2045, 1994 WL 677670, at *3 (6th Cir. Dec. 2, 1994).

Assuming Plaintiff could satisfy the first two requirements for a retaliation claim, he clearly fails to allege a causal connection between the adverse action and the protected conduct. Plaintiff argues in a wholly conclusory manner that every bad or unpleasant thing that has happened to him since he filed his previous federal action is the result of retaliation by Defendant Caruso. Other than the timing of these adverse events sometime after Plaintiff filed his federal lawsuit in 2005, Plaintiff does not offer any direct or circumstantial evidence that the adverse events were motived by the lawsuit.[1]  Moreover, the adverse actions alleged by Plaintiff were not taken by Defendant Caruso, but by prison staff at JMF and MCF, who are not named as defendants in

---

[1] I note that one of the alleged adverse actions occurred well before Plaintiff filed his previous federal action. Plaintiff claims that his non-leather tennis shoes were taken away in December 2004, which was more than four months before he filed his lawsuit in April 2005.  Accordingly, the alleged adverse action could not have been motivated by his lawsuit.

Plaintiff's 2005 action. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.*; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Furthermore, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). In short, Plaintiff has not suggested there exists evidence to show that Defendant Caruso engaged in any active unconstitutional behavior or that she retaliated against Plaintiff for filing his 2005 lawsuit.

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

Dated: February 20, 2007            /s/ Hugh W. Brenneman, Jr.
                                    Hugh W. Brenneman, Jr.
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).