UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

CURWOOD L. PRICE,

       Plaintiff,

v.                                      Case No. 1:07-CV-117

PATRICIA CARUSO,                    HON. GORDON J. QUIST

       Defendant.
_____/

## ORDER REJECTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's objection to the report and recommendation dated February 20, 2007, in which Magistrate Judge Brenneman recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim. The magistrate judge construed Plaintiff's claim as a First Amendment retaliation claim and concluded that Plaintiff failed to state a claim because his complaint failed to establish a causal connection. Specifically, the magistrate judge reasoned that the requisite connection was not established because Plaintiff merely alleged a series of adverse events that occurred after he filed his lawsuit against Defendant (currently pending in the Eastern District of Michigan). He further noted that the alleged adverse actions were not taken by Defendant, but by subordinate prison staff at Muskegon Correctional Facility and the Southern Michigan Correctional Facility who are not defendants in Plaintiff's prior lawsuit. He concluded that dismissal was appropriate because nothing in Plaintiff's complaint suggested that Defendant Caruso actively engaged in retaliation against Plaintiff. After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be rejected by the Court because Plaintiff's allegations are sufficient to state a claim for retaliation.

Initially, the Court addresses Plaintiff's argument that he is not alleging a claim under § 1983, but rather is alleging claims pursuant to 28 U.S.C. § 2201, 42 U.S.C. § 2000cc, *et seq.* and 42 U.S.C. § 1997d. First, it is well established that the federal Declaratory Judgment Act, 28 U.S.C. § 2201 "is procedural only, not substantive, and hence the relevant cause of action must arise under some other federal law . . . . to afford jurisdiction of a declaratory judgment suit." *Lowe v. Ingalls Shipbuilding*, 723 F.2d 1173, 1179 (5th Cir. 1984). *See also Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) (noting that the Declaratory Judgment Act "does not create substantive rights for parties"); *McCahill v. Borough of Fox Chapel*, 438 F.2d 213, 214 (3d Cir. 1971) ("The Declaratory Judgment Act itself "is procedural only.'") (quoting *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S. Ct. 461, 463 (1937)). Second, 42 U.S.C. § 1997d prohibits retaliation against persons who report conditions that may violate the Civil Rights of Institutionalized Persons Act. *See* 42 U.S.C. § 1997d; *Mark v. Imberg*, No. 05-C-279-C, 2005 WL 1587797, at *9 (W.D. Wis. July 6, 2005). It does not create a private right of action. *See Price v. Brittain*, 874 F.2d 252, 263 (5th Cir. 1989); *Gayle v. Lucas*, No. 97 Civ. 0883(MGC), 1998 WL 148416, at *5 (S.D.N.Y. Mar. 30, 1998). Plaintiff's final claim is asserted pursuant to 42 U.S.C. § 2000cc, *et seq.*, the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"). As it pertains to the instant action, the RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person –
>
> (1) is in furtherance of a compelling governmental interest; and
> (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). Plaintiff alleges that Defendant Caruso has violated the RLUIPA by denying him proper medical accommodation and treatment. Plaintiff alleges that this denial had the

2

effect of burdening his practice of his Jewish faith because it is forbidden for a Jew to engage in any holy task if he is ill or his body is impure as defined by the Code of Jewish Law. For present purposes, the Court concludes that these allegations suffice to state a claim under the RLUIPA.

Turning to the magistrate judge's conclusion, the Court agrees with the magistrate judge that Plaintiff's complaint alleges a claim under § 1983 for retaliation for exercising his First Amendment rights. Plaintiff alleges that he was subjected to retaliation because he filed his pending lawsuit against Defendant Caruso. However, the Court disagrees with the magistrate judge's conclusion that Plaintiff has failed to allege a causal connection. While it is true that a causal connection is not immediately apparent from the face of Plaintiff's complaint, it is possible that Plaintiff could develop a set of facts to support his contention that the individuals who took the retaliatory actions did so at the behest of Defendant Caruso. The Sixth Circuit recently addressed a similar situation in *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007). In that case, the defendant filed a misconduct report against the plaintiff for exposing himself to her. The plaintiff filed a grievance, and the misconduct report was upheld at every level of administrative review. The plaintiff filed a retaliation claim against the defendant, alleging that the misconduct ticket was a retaliatory act for the plaintiff's filing of a prior grievance. Regarding the element of a causal connection, the defendant argued that the court should analyze the claim under the burden-shifting framework in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274, 97 S. Ct. 568 (1977), but the court rejected the argument on the basis that the *Mount Healthy* standard applies in the summary judgment context but not in a Rule 12(b)(6) analysis for failure to state a claim. The court concluded that the plaintiff stated a claim because it was possible that the plaintiff could prove multiple sets of facts that would support his § 1983 claim, such as that inmates regularly exposed their genitals to guards without consequence or that the plaintiff had exposed himself to the defendant in the past, but she had never pursued

3

disciplinary action against him until after he had filed a grievance against another guard. The court said that the plaintiff's claims should not be dismissed on a motion to dismiss if it were possible that he could develop some set of facts to support his claim, even if it appeared unlikely that he could do so. In this case, it is conceivable that Plaintiff could develop some set of facts that would support a causal connection sufficient to impose liability upon Defendant Caruso for retaliation – for example, that she instructed subordinates to engage in retaliatory acts. Moreover, in his objection, Plaintiff cites several examples of statements by prison personnel that could possibly support a causal connection. The Court notes that the magistrate judge did not have the benefit of *Thomas* at the time he issued his report and recommendation and, therefore, could not have considered its application in this case. In any event, because Plaintiff has alleged facts which could conceivably support a claim, his complaint should not be dismissed. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 20, 2007 (docket no. 10), is **REJECTED**. The Court concludes that Plaintiff's complaint states a claim for retaliation and violation of the RLUIPA.

Dated: May 22, 2007                               /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                      UNITED STATES DISTRICT JUDGE