UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD L. PRICE,

        Plaintiff,

Case No. 1:07-cv-117

Hon. Robert J. Jonker

vs.

PATRICIA CARUSO,

        Defendant.

                               /

**ORDER**

This is a civil rights action brought by a state prisoner. Plaintiff filed his complaint in the Eastern District of Michigan on January 10, 2007. The suit was transferred to this district on February 5, 2007. On April 25, 2007, plaintiff filed a "motion for application to file supplemental memorandum and facts" (docket no. 15) to add claims that occurred April 4th, 6th, 14th, and 23rd, 2007. Then, on May 31, 2007, plaintiff filed a "motion for joinder of additional plaintiffs" (docket no. 20), in which he seeks to add six new plaintiffs and add claims that occurred on April 14th and May 21st, 2007. Plaintiff has also filed a praecipe which has been docketed as a "motion for hearing" on the motion for joinder (docket no. 21). This matter is now before the court on these three motions (docket nos. 15, 20 and 21).

        **1.**        **Motion to file supplemental pleading**

Plaintiff seeks to supplement his complaint pursuant to Fed. R. Civ. P. 15(d), which provides in pertinent part that:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the

>pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.

Plaintiff brought this suit pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e, which requires that a prisoner properly exhaust his claims prior to filing suit. *See* 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, -- U.S. --, 126 S. Ct. 2378, 2387 (2006) ("the PLRA exhaustion requirement requires proper exhaustion"); *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (the plain language of 42 U.S.C. § 1997e(a) "makes exhaustion a precondition to filing an action in federal court"). A conflict exists between Rule 15(d) and the PLRA. While Rule 15(d) allows a party to file a supplemental pleading with new claims that arose after filing suit, the PLRA requires a prisoner to properly exhaust his claims prior to filing suit. *See* 42 U.S.C. § 1997e(a); *Woodford*, 126 S. Ct. at 2387; *Freeman*, 196 F.3d at 645. Thus, a prisoner could circumvent the PLRA's exhaustion requirement by supplementing his complaint under Rule 15(d). In a conflict between Rule 15(d) and the PLRA, "the rule would have to yield to the later-enacted statute to the extent of the conflict." *Harris v. Garner*, 216 F.3d 970, 982-83 (11th Cir. 2000) (en banc). *See Cox v. Mayer*, 332 F.3d 422, 428 (6th Cir. 2003) (citing *Harris*); *Williams v. Adams*, No. 1:05-cv-00124, 2007 WL 1595457 (E.D. Cal. June 1, 2007) ("[a]llowing plaintiff to supplement to add the claims he seeks would allow plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit").

Here, plaintiff did not properly exhaust the supplemental claims that arose after he filed suit on January 10, 2007. As the court observed in *Williams*, allowing plaintiff to supplement the complaint with these unexhausted claims would allow him to thwart the exhaustion requirement of § 1997e(a). Accordingly, plaintiff's motion to supplement his complaint (docket no. 15) is **DENIED**.

### 2.     Motions for joinder and hearing

As an initial matter, plaintiff's motion for joinder is improper because it fails to include a supporting brief as required by the local court rules.  *See* W.D. Mich. LCivR 7.1(a) ("[a]ll motions, except those made during a hearing or trial, shall be accompanied by a supporting brief").  Plaintiff's failure to comply with the local court rule is sufficient grounds to deny his motion.

In addition, although plaintiff nominally seeks the permissive joinder of other parties under Fed. Rules Civ. Proc. 20(a), his motion effectively seeks to amend the complaint by adding new claims against defendant.  These claims are allegedly occurred when certain prisoners were removed from the Jewish Kosher Meal Line on April 14, 2007, and when corrections officials issued a notice of intent to conduct an administrative hearing to remove the additional plaintiffs from the Kosher meal line on May 21, 2007.  Plaintiff further alleges that these acts violated a July 20, 2006 settlement agreement in an Eastern District case, 1:05-cv-71403.  Because plaintiff's motion adds both new plaintiffs and new claims, both the joinder provisions of Fed. R. Civ. P. 20(a) and the amendment provisions of Fed. R. Civ. P. 15(a) apply.  *See  Chavez v. Illinois State Police*, 251 F.3d 612, 632-33 (7th Cir. 2001) (both Rule 15 and Rule 20 are implicated in determining whether plaintiff can amend complaint to add new plaintiff);  *Hinson v. Norwest Financial South Carolina, Inc.,* 239 F.3d 611, 618 (4th Cir. 2001) ("a court determining whether to grant a motion to amend to join additional plaintiffs must consider both the general principles of amendment provided by Rule 15(a) and also the more specific joinder provisions of Rule 20(a)").

However, it is unnecessary for the court to address the merits of the motion for joinder, because the new claims were not properly exhausted prior to filing suit.  *See* 42 U.S.C. §

1997e(a); *Woodford*, 126 S. Ct. at 2387; *Freeman*, 196 F.3d at 645.  Accordingly, plaintiff's motion for joinder (docket no. 20) and his motion for a hearing on joinder (docket no. 21) are **DENIED**.

   **IT IS SO ORDERED.**


Dated:  October 3, 2007                                      /s/ Hugh W. Brenneman, Jr.
                                                             HUGH W. BRENNEMAN, JR.
                                                             United States Magistrate Judge