UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD L. PRICE,

        Plaintiff,

vs.

PATRICIA CARUSO,

        Defendant.
                             /

Case No. 1:07-cv-117

Hon. Robert J. Jonker

**ORDER**

This is a civil rights action brought by a state prisoner for retaliation pursuant to 42 U.S.C. § 1983 and for a violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. Plaintiff's suit alleges that defendant violated RUILPA by denying him proper medical accommodations and treatment which adversely affected his health care needs under the "code of Jewish law." This matter is now before the court on plaintiff's "emergency motion for medical examination" (docket no. 22), which seeks a court order directing the Michigan Department of Corrections ("MDOC") to transport him to Mercy Hospital in Muskegon, Michigan, "for a minimum of 10 days for a medical examination and evaluation." Motion at ¶ 8A (emphasis in original).

The record reflects that plaintiff has a history of medical problems which have included blood and bacteria in his urine, urinary tract infection, and very mild arthritic changes in the lower lumbar spine. *See* Exhs. E, J and K attached to Comp. Plaintiff's conditions have required accommodations such as a wheelchair, cane, tennis shoes, frequent clothing changes, incontinence pads and classification as "at risk of heat related illness." *See* Exhs. D and O attached to Comp.

On April 30, 2004, plaintiff was identified as "occasionally . . . in need of a biohazard clean-up." *See* Exh. G attached to Comp.  Plaintiff's suit seeks additional accommodations, including a personal metal cane, single man cell, incontinence pads, bio-hazard bags for disposal of the pads, a special mattress and pillow, bottom bunk and tier, use of bathroom at any time, contact lenses, solar shields, special sunglasses, physical therapy, handicap assistant, classification as "[a]t risk of heat and cold related illness," no state issued shoes, tennis shoes only, and "[n]o work or educational details."  Compl. at p. 5.

In summary, plaintiff alleges that his current medical treatment impacts his ability to practice his religion.  It appears that plaintiff has a long history of medical problems, some of which have required special accommodations by the MDOC.  However, nothing in the record indicates that plaintiff suffers from a life threatening medical condition that cannot be addressed by the MDOC and that requires the extraordinary relief of a court-ordered admission to a hospital for a 10-day medical evaluation.  Accordingly, plaintiff's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  October 3, 2007              /s/ Hugh W. Brenneman, Jr.
                                     HUGH W. BRENNEMAN, JR.
                                     United States Magistrate Judge