UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURWOOD PRICE,

        Plaintiff,

v.

PATRICIA CARUSO,

        Defendant.
                                     /

Case No. 1:07-cv-117

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner for retaliation pursuant to 42 U.S.C. § 1983 and for a violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc *et seq*. After initial screening, it appears that plaintiff's suit contains two claims against the sole defendant, Michigan Department of Corrections (MDOC) Director Patricia Caruso. First, plaintiff alleges that defendant violated RUILPA by denying him proper medical accommodations and treatment which adversely affected his health care needs under the "Code of Jewish Law." Order (July 16, 2007) at pp. 2-3. Second, plaintiff contends that defendant retaliated against him for exercising his First Amendment rights after filing a lawsuit. *Id.* The matter is now before the court on defendant's motion to dismiss for lack of exhaustion (docket no. 28).

The Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding

prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741.  In  *Woodford v. Ngo*, -- U.S. --, 126 S. Ct. 2378, 2386-87 (2006), the Supreme Court stated that "the PLRA exhaustion requirement requires proper exhaustion," which "demands compliance with an agency's deadlines and other critical procedural rules." Finally, a prisoner's failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing.  *Jones v. Bock*, -- U.S. --, 127 S. Ct. 910, 919-22 (2007).

Defendant has filed a motion for summary judgment pursuant to Rule 56 alleging that plaintiff has failed to exhaust his administrative remedies as to the named defendant, although defendant has confused the record by labeling the motion as a "motion to dismiss."  Despite this confusing nomenclature, the court will view this as a motion for summary judgment.

Summary judgment is appropriate under Rule 56(b) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case.  Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

Defendant relies on Michigan Department of Corrections (MDOC), Policy Directive 03.02.130 which provides in pertinent part that:

> The [Step I Grievance] forms may be completed by hand or by typewriter [sic] however, handwriting must be legible. The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Date, times, places and names of all those involved in the issue being grieved are to be included.

Policy Directive 03.02.130 ¶ T (emphasis in original).

Here, plaintiff's suit arises from a grievance claiming that he was not provided with bio-hazard bags to dispose of his urinary incontinence pads. Plaintiff alleged that the incident occurred on November 19, 2005, and he filed his Step I grievance the next day. *See* Grievance No. MCF 0511-00830-03D attached to plaintiff's Compl. as exh. A.[1] In his grievance, plaintiff states that the bio-hazard bags are necessary because his urine contains blood. Plaintiff did not name defendant in either his Step I grievance. *Id.* The only individuals named in his Step I grievance are ARUS McRae and corrections officer Burtram. *Id.* Plaintiff states that officer Burtram "is the only one who has made any attempt to remedy this matter and get me what I need." *Id.* The Step I grievance response states that plaintiff has been issued incontinence pads, that his medical file shows no indication that he had any incidents of blood in his urine, and refers plaintiff to Health Services for evaluation of his complaint. *Id.*

---

[1] Defendant properly relies on these documents in support of her motion for summary judgment. See Fed. R. Civ. P. 10(c) ("[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

Similarly, plaintiff did not name defendant in his Step II appeal, in which he identifies the prison personnel who are aware of his problem as RUM Brown, and corrections officers Knox, Hill and Burtram. *Id.* The Step II grievance response is illegible. *Id.*

Plaintiff first raises the possibility of retaliation in his Step III Appeal. *Id.* However, he does not attribute the retaliation to defendant either, but rather to Health Care Staff, stating in pertinent part as follows:

> The only plausible explanation for this conduct is that the Health Care Staff of MCF [Muskegon Correctional Facility] are in collusion with their counter-parts at JMF [Southern Michigan Correctional Facility] to retaliate against me for the litigation I currently have pending in Federal Court in Detroit. (Price v. Caruso, Case No.: 05-71403-DT). This is further evidence by the fact that before my medical file left JMF, several pages of critical documentation were **REMOVED** from my medical file in an attempt to cause me severe physical discomfort when arriving at MCF.

*Id.*[2]

In summary, plaintiff's grievances do not name defendant as having any role in the alleged deprivation of bio-hazard bags, collusion or retaliation. At most, plaintiff grieved "collusion" and "retaliation" involving the "Health Care Staff" at MCF and JMF. Furthermore, plaintiff's grievances do not even raise the issue of a RUILPA violation. In his response, plaintiff identifies certain "background" material to demonstrate exhaustion. This material includes various state statutes regarding defendant's purported legal duties and various disputes between plaintiff and the MDOC. For example, plaintiff points to a May 15, 2005 administrative hearing report, which found that plaintiff was entitled to special medical accommodations related to his bean allergy and

---

[2] The court notes that plaintiff's other federal suit against defendant, which involved two MDOC Memoranda that allegedly interfered with his practice of the Jewish faith, was dismissed on August 21, 2007. *See Price v. Caruso*, No. 05-71403 (E.D. Mich.). Plaintiff filed the present suit on January 10, 2007, approximately seven months prior to the dismissal.

reactive edema to leather dyes. While this background material may provide insight into plaintiff's other disputes with the MDOC, such material is irrelevant to the issue before the court, i.e., whether plaintiff properly exhausted his administrative remedies regarding alleged retaliation and RUILPA claims prior to filing this suit. Under these circumstances, defendant has established that plaintiff failed to "properly exhaust" either his retaliation claim arising from the denial of bio-hazard bags or his RUILPA claim against defendant. *See Woodford*, 126 S. Ct. at 2386-87.

Accordingly, I respectfully recommend that defendant's motion to dismiss for lack of exhaustion (docket no. 28) be **GRANTED**, and the complaint **DISMISSED.**

Dated:  January 7, 2008                                            /s/ Hugh W. Brenneman, Jr.
                                                                   HUGH W. BRENNEMAN, JR.
                                                                   United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).