UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CURWOOD PRICE,

       Plaintiff,                            Case No. 1:07-CV-117

v.                                                Hon. Robert J. Jonker

PATRICIA CARUSO,

       Defendant.

_____/

**ORDER AND JUDGMENT**
**APPROVING REPORT AND RECOMMENDATION**

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 43) filed on January 7, 2008. Petitioner filed his Objection to the Report and Recommendation (docket # 44) on January 17, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

The Report and Recommendation recommends that Defendant's motion for summary judgment be granted and Plaintiff's complaint dismissed for lack of proper exhaustion. Plaintiff makes eight objections to the Report and Recommendation. Most of them fail to state an "objection[] to [a] proposed finding[ or] recommendation[]" of the Report and Recommendation and need not be addressed in this Order.[1] FED. R. CIV. P. 72(b)(2). Those

---

[1] In addition to the arguments addressed in the body of this Order, Plaintiff argues that the Report and Recommendation incorrectly notes that his other federal suit against Defendant was dismissed. This objection is unavailing for two reasons. First, it has no bearing on the exhaustion issue. And second, despite Plaintiff's verified statement to the contrary, the Report and Recommendation's note is correct. The Honorable Bernard Friedman entered a Memorandum Opinion and Order (docket # 83) on August 21, 2007, dismissing with prejudice Plaintiff's action against Defendant in the Eastern District of Michigan, *Price v. Caruso*, No. 2:05-CV-71403, 2007 U.S. Dist LEXIS 62864 (E.D. Mich. Aug. 21, 2007). Plaintiff next argues that his failure to raise the retaliation issue until step III of the grievance process was justified. The Report and Recommendation correctly notes that Plaintiff failed to raise the retaliation issue until his step III grievance. That fact is accurate and inconsequential to Plaintiff's failure to properly exhaust his claim with respect to Defendant as described in the body of this Order. Plaintiff next argues that the Report and Recommendation takes certain evidence out of context. The Court has reviewed the record de novo and finds that the Report and Recommendation did not take the evidence out of context. In any event, Plaintiff's argument that the evidence was presented out of context does not affect the recommendation to dismiss for lack of proper exhaustion. It does not change the fact that Plaintiff failed to name Defendant in his grievances and therefore failed to properly exhaust. Plaintiff next argues that Defendant had an obligation, as the moving party, to submit evidence that she did not remove Plaintiff's records and accommodations. But Defendant has no such obligation at this stage. Defendant's motion focuses only on exhaustion. Thus she need establish only that Plaintiff has not properly exhausted available administrative remedies. This she has done. She need not go further, as Plaintiff suggests, and submit evidence going to the merits of Plaintiff's claim. Finally, Plaintiff argues that the Report and Recommendation incorrectly states that he failed to state an RLUIPA claim. Again, Plaintiff seems to confuse Defendant's motion, which raises only exhaustion, with a motion

that do distill down to the argument that Plaintiff indirectly named Defendant in his grievance.[2] Plaintiff argues that Defendant was the only person who could legally authorize the removal of his medical records and accommodations, and thus he concludes that he named Defendant by alleging in his grievances that his records and accommodations were removed. If his records and accommodations were removed, Plaintiff's argument goes, then Defendant must have been the one who removed them; therefore, Plaintiff argues that he named Defendant in his grievance by alleging that his records and accommodations were removed.

MDOC directive No. 03.03.130 ¶ T (Dec. 19, 2003), which was the applicable directive in force at the time Plaintiff filed his grievances, requires a grievance to include the names of all those involved in the issue being grieved. Plaintiff failed to include Defendant's name in his grievances. Accordingly, Plaintiff never properly exhausted his administrative remedies with respect to his claim against Defendant.

Moreover, the evidence does not support Plaintiff's argument that Defendant was 'constructively named.' On the contrary, the evidence supports the possibility that other persons might have been physically capable of removing the records and accommodations and that Plaintiff believed those persons to be responsible. Plaintiff's grievances name ARUS McRae, Corrections Officer Burtram, RUM Brown, Corrections Officer Knox,

---

for summary judgment on the merits. Defendant's motion, and the Report and Recommendation, address the issue of whether Plaintiff properly exhausted his administrative remedies. He has not. Because Plaintiff cannot get over the exhaustion hurdle, the Court will not consider Plaintiff's arguments on the merits.

[2] Plaintiff alleges, in essence, that although he did not actually name Defendant, he 'constructively named' her.

3

Corrections Officer Hill, and health care staff at both MCF and JMF. Defendant is never named. Based on Plaintiff's grievances, it appears that any one of the named persons could have removed Plaintiff's records and accommodations. Whether their doing so would have violated a policy or other rule—as Plaintiff alleges in his objection—is another matter; the simple fact is that on this record, as Plaintiff describes the situation in his grievances, each of the persons named was potentially physically capable of removing Plaintiff's records and accommodations, and Plaintiff's specific naming of those persons suggests that he believed them to be responsible. Plaintiff knew of Defendant's position and potential role in the alleged retaliation,[3] yet he never named Defendant—even generally—as he was required to by MDOC policy. Nor did he otherwise describe her as having a role in the alleged retaliatory conduct. Plaintiff's grievance fails to actually name Defendant; his grievance also fails to 'constructively name' Defendant.

Despite Plaintiff's arguments to the contrary, *Jones v. Bock*, 127 S. Ct. 910 (2007), does not affect the result in this case. *Jones* held, among other things, that to properly exhaust claims against a defendant a plaintiff need not necessarily name that defendant in a grievance unless the applicable prison grievance procedures require it. *Jones*, 127 S. Ct. at 922–23 ("[N]othing in the [PLRA] imposes a 'name all defendants' requirement . . . . The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements and not the

---

[3] He was, after all, alleging that the retaliation he suffered was the result of his lawsuit against Defendant in the Eastern District of Michigan.

4

PLRA, that define the boundaries of proper exhaustion."). In any event the purposes of exhaustion must be served. *Id.* at 923 ("We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record.").

*Jones* could possibly affect the result in this case only if Plaintiff had generally grieved Defendant (as a "supervisor," for example) or an "unknown party." But Plaintiff did not do that. He undeniably knew Defendant's name—he alleges in his step III grievance that it was his lawsuit against Defendant in the Eastern District of Michigan that motivated the alleged retaliatory conduct—yet he failed to make any allegations, at any step of his grievance, that could be said to have named Defendant. Instead he specifically grieved five individuals, none of whom was Defendant, and he generally grieved two groups, neither of which included Defendant. When a grievance specifically names parties it puts only those parties on notice of a claim against them, and it does not serve the same notice function that a general grievance would. In fact, it has the effect of suggesting that because only specific parties were named no other parties need worry about claims against them. Plaintiff's grievance specifically named five parties, and in so doing it failed to put Defendant on notice of a grievance against her.

Moreover, Plaintiff's grievance did not alert Defendant to the alleged problem that Plaintiff now seeks to address. The fundamental failing of Plaintiff's grievance, apart from the fact that it does not comport with the then-in-force MDOC policy directive, is that it did not give Defendant sufficient notice to address and resolve the claim that Plaintiff now brings against her. Plaintiff's grievance alleged that five officers and two groups of medical staff retaliated against him for engaging in protected conduct. This, no doubt, alerted officials to a potential problem regarding the appropriateness of the named individuals' conduct. But it did not alert them to a potential problem with Defendant's actions. The grievance thus failed to serve the "primary purpose of a grievance," which is "to alert prison officials to a problem." *Jones*, 127 S. Ct. at 923 (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed January 7, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss (docket # 28) is GRANTED and Plaintiff's complaint is DISMISSED.


Dated:   February 12, 2008            /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE